ROBERT CARL MCKAY V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-296-CR

ROBERT CARL MCKAY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Robert Carl McKay of aggravated robbery with a deadly weapon, and the trial court sentenced him to life imprisonment as a repeat offender.  Appellant brings a single point on appeal, arguing that the trial court abused its discretion by admitting evidence of an extraneous offense at the guilt phase of the trial.  Because we hold that Appellant did not preserve his complaint, we affirm the trial court’s judgment.

The State alleged that during a test drive of a van, Appellant carjacked a car salesman with a gun.  The complainant identified Appellant in a photospread, and the police found a gun in Appellant‘s hotel room and recovered the van with Appellant‘s fingerprints on it.

The complainant testified that he was working when Appellant came to the car lot and discussed buying a vehicle.  Appellant and the complainant agreed on a test drive of a van, during which Appellant allegedly stole the van and left the complainant to walk back to the dealership.  The complainant testified that Appellant pointed a handgun in his face during the theft and that he was afraid for his life.

Appellant testified that a robbery did not occur.  Appellant testified that he and the complainant had entered into an agreement with another employee at the dealership to create a fake robbery.  Appellant would take the van and sell it to a third party, splitting the money with the complainant and the second dealership employee.  The complainant denied Appellant’s conspiracy claim. During the guilt phase of the trial, the State offered 
modus operandi
 evidence
 
that Appellant was charged with another aggravated robbery case involving a carjacking that occurred three days after the instant offense.

Appellant argues that admission of the 
modus operandi
 evidence was not appropriate because the evidence only shows a repeated commission of the same type of crime, identity was not contested, and the evidence therefore was only relevant to show bad character.  Appellant further argues that he suffered substantial injury because of the prejudicial effect of the evidence.  The State argues that (1) Appellant failed to move to strike after the State completed presenting the extraneous offense, (2) the 
modus operandi 
trial objection failed to state a valid objection, and (3) the trial court had discretion to admit the extraneous offense.

Evidence of extraneous offenses may be admissible to rebut a defensive theory, to show a unique signature crime, or to show identity or lack of mistake.
(footnote: 2)  Evidence of an extraneous offense is not admissible to prove a defendant’s bad character.
(footnote: 3)  The extraneous offense Appellant was charged with was a carjacking in which a person was held at gunpoint and ordered out of his car.  Appellant correctly argues that the extraneous offense evidence is not so unusual or distinctive that it shows a unique signature crime, nor is it sufficiently similar to the facts of the offense before this court to be anything more than the repeated commission of the same type of crime.  Additionally, we hold that the evidence of the extraneous offense does not defeat Appellant’s defense of conspiracy, and identity was not an issue.  Consequently, we agree with Appellant that the evidence was improper. However, the State correctly argues that Appellant failed to preserve his complaint.  When Detective Lenoir testified that Appellant was charged in another aggravated robbery, Appellant’s objection was that “they haven’t shown what it is.”  The State replied, “I think it was answered it was an aggravated robbery.”  The court then stated, “What was your objection?”  Appellant answered, “Well, Your Honor, that’s fine, but they haven’t connected up any 
modus operandi
 for anything up to this point.”

Instead of requesting a hearing outside the presence of the jury, Appellant’s trial counsel stated in a bench conference, “Just at this point I think before he decides to testify on something, I think we need to hear what the 
modus
 is because if it’s just that he has a gun with him, that‘s not enough to make 
modus operandi
.  That doesn’t meet the definition.”  Lenoir then described the other aggravated robbery, in the jury’s presence, as Appellant had requested.  Further, instead of objecting to Lenoir’s direct testimony regarding the extraneous offense, Appellant solicited additional information on cross-examination.  Detective Lenoir obliged Appellant and described the extraneous aggravated robbery without further objection.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.
(footnote: 4)  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.
(footnote: 5)  We hold that Appellant failed to properly object to and get a ruling on the extraneous offense evidence.

In a supplemental brief, the State asks us to hold that 
Owens
(footnote: 6) is no longer sound law.  We decline to do so.  Until the Texas Court of Criminal Appeals instructs us to the contrary, 
Owens
 is still sound authority for the proposition that evidence of a defendant's particular 
modus operandi 
is a recognized exception to the general rule precluding extraneous offense evidence, if the 
modus operandi
 evidence tends to prove a material fact at issue other than propensity.
(footnote: 7)
 Because Appellant did not properly preserve his complaint for appeal, we overrule his sole point and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 17, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Owens v. State
, 827 S.W.2d 911, 915 (Tex. Crim. App. 1992).

3:
Tex. R. Evid.
 404(a).

4:
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
,
 
526 U.S. 1070 (1999).

5:
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

6:
827 S.W.2d at 915.

7:
Id.